JUSTICE SHEEHY,
dissenting in part:
I dissent to the portion of the majority opinion that reverses the District Court in its finding that the property settlement agreement was unconscionable as to the wife.
Nowhere in the majority opinion is § 40-4-208(3)(b), MCA mentioned, although it is the statute under which the wife is proceeding in order to have the property settlement agreement modified to speak the best interests of the wife.
That section provides:
“(3) The provisions as to property disposition may not be revoked or modified by a court, except:
“(b) if the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state.” (Emphasis added.)
The power of the District Court to modify a property settlement agreement which has been incorporated in a judgment (decree of dissolution) is not limited to what the court could have found at the time of the original adoption of the property settlement agreement under § 40-4-202, MCA. The court may relieve a party under § 40-4-208(3)(b), MCA from a final judgment or order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, intrinsic and extrinsic fraud, misrepresentation, misconduct, and “any other reason justifying relief from the operation of the judgment.” Rule 60(b), M.R.Civ.R The court is not limited as to time, if the effect of the petition is to “set aside a judgment for fraud upon a court.” Rule 60(b), M.R.CivR.
The District Court here was completely within its power to determine whether the judgment was attackable. The effect of the majority opinion here is that if a spouse does not raise the issue of unconscionability or fraud at the time of the original decree of divorce, he or she is thereafter foreclosed from raising such an issue. Such a construction too narrowly constricts the statutes applicable and the power of the District Court. I particularly oppose the proposition that res judicata applies once the District Court has adopted a property settlement agreement, because application of res judicata has the effect of negating § 40-4-208(3), MCA.
*529 The District Court found a fraud upon the court in the first instance, and also the inability of the wife to comprehend the provisions of the property settlement agreement at the time that she entered into the contract. I find no reasons in the record to set such findings or conclusions aside. I would therefore uphold the District Court’s finding that the property settlement agreement was unconscionable.